AMERCO, a Nevada corporation; U–Haul International, Inc., a Nevada corporation; Oxford Life Insurance Company, an Arizona corporation, Plaintiffs,

v.

NATIONAL LABOR RELATIONS BOARD, Robert J. Battista, Chairman, National Labor Relations Board; Wilma B. Liebman, Board Member, National Labor Relations Board; Peter C. Schaumber, Board Member, National Labor Relations Board; Dennis P. Walsh, Board Member, National Labor Relations Board; Ronald E. Meisburg, Board Member, National Labor Relations Board; Arthur F. Rosenfeld, General Counsel, National Labor Relations Board; Cornele A. Overstreet, Regional Director, Region 28, National Labor Relations Board, Defendants.

No. Civ. 04–0978–PHX–SRB.

United States District Court, D. Arizona.

June 16, 2004.

Gary L. Birnbaum, Scot L. Claus, Mariscal, Weeks, McIntyre & Friedlander PA, Phoenix, AZ, Lawrence D. Levien, Daniel Joseph, Akin, Gump, Strauss, Hauer & Feld LLP, Washington, DC, for Plaintiffs.

Margery E. Lieber, National Labor Relations Board, Washington, DC, David Andrew Kelly, National Labor Relations Board, Phoenix, AZ, for Defendants.

## ORDER

BOLTON, District Judge.

On May 12, 2004, Plaintiffs filed a Complaint in this Court seeking declaratory and injunctive relief. On the same day, Plaintiffs filed a Motion for Preliminary Injunction (Doc. 3–1). Plaintiffs also filed a Motion for Expedited Discovery (Doc. 2–1). On May 24, 2004, Defendants filed a Response in opposition to Plaintiffs' Motion for Preliminary Injunction and a Motion to Dismiss the Complaint (Doc. 6–1). Defendants oppose Plaintiffs' Motion for Expedited Discovery, and have filed a Motion to Stay Discovery (Doc. 9–1). On May 26, 2004, this Court held a preliminary injunction hearing. The Court took the preliminary injunction motion under advisement and ordered that the parties complete briefing on the Motion to Dismiss. Briefing having been completed, the Court now rules on the pending motions.

## I. BACKGROUND

Plaintiff U–Haul International ("UHI") is a corporation engaged in the business of providing accounting, technical and advisory services to corporations that provide direct services to U–Haul customers. Plaintiff AMERCO is a holding company that holds stock in four corporations: UHI, Oxford Life Insurance Company ("Oxford"), Republic Western Insurance Company and Amerco Real Estate Company. Plaintiff Oxford is an Arizona corporation in the business of offering insurance to the public. Defendants are employed with the National Labor Relations Board (NLRB), a federal administrative agency charged with administrating the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151 *et seq.*

The present dispute arises out of the prosecution of multiple unfair labor practice claims by the NLRB against U–Haul Co. of Nevada, Inc. ("UHN"), an independently-operated subsidiary of UHI. Between May of 2003 and December of 2003, four consolidated amended complaints were issued against UHN. None of these consolidated complaints were served on any of the current Plaintiffs.

On or about December 24, 2003, Defendants gave UHN notice that an NLRB Administrative Law Judge ("ALJ") would

hold a hearing on the Fourth Consolidated Complaint beginning on January 12, 2004. Between December 22, 2003 and the January hearing date, the NLRB issued a number of subpoenas to UHI employees, directing that they appear before the ALJ and produce certain documents. The administrative hearing proceeded as scheduled on January 12, 2004.

On or about January 7, 2004, the union filed another charge with the NLRB, alleging that UHN, Plaintiffs, and three other companies engaged in unfair labor practices. On February 5, 2004, Defendants issued a Fifth Consolidated Complaint against UHN. This Complaint added AMERCO, UHI, Oxford and three others as respondents. The Complaint sought to hold UHN and the newly named respondents responsible for all the previous allegations and additionally alleged that: (1) UHI and UHN constitute a single integrated business enterprise and employer under the NLRA, and (2) AMERCO, UHI and Oxford constitute a single integrated business enterprise.

On February 6, 2004, the NLRB's general counsel made an oral motion to consolidate the Fifth Consolidated Complaint into the ongoing trial. The ALJ ordered briefing and subsequently granted the motion. Plaintiffs sought special permission to appeal the ALJ's decision. The NLRB denied Plaintiffs' request to appeal the ALJ's consolidation decision, but granted a continuance of the hearing to allow Plaintiffs time to prepare for trial. Plaintiffs subsequently filed this action.

In this Court, Plaintiffs assert that the Fifth Consolidated Complaint was filed *ex post facto* and argue that ordering Plaintiffs to defend themselves mid-trial violates their right to due process. They maintain that Defendants collected information and issued subpoenas in a deliberate attempt to build a case against them without providing notice or an opportunity to participate in the process. Plaintiffs allege that, as a result of Defendants' improper conduct, fifteen days of an administrative trial were held before the charges against Plaintiffs were added to the action. Plaintiffs ask this Court to declare that Defendants committed abuses of process and violated the law, NLRB regulations and Plaintiffs' due process rights. They seek preliminary and permanent injunctions enjoining Defendants from consolidating the allegations of the Fifth Consolidated Complaint with the ongoing trial of the Fourth Consolidated Complaint, limiting the issues that may proceed against them, and limiting participation by the current ALJ and NLRB employees in future proceedings against them.

## II. LEGAL STANDARDS AND ANALYSIS

A threshold question presented in this case is whether the Court has subject matter jurisdiction. Defendants assert that the NLRA vests exclusive jurisdiction with the NLRB and Circuit Court of Appeals. Plaintiffs maintain that a jurisdictional exception exists for claims of a constitutional dimension. For the reasons that follow, the Court agrees with Defendants.

In *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 43, 47–48, 58 S.Ct. 459, 82 L.Ed. 638 (1938), the United States Supreme Court expressly held that the federal District Court lacked jurisdiction to enjoin the NLRB from holding a hearing on a complaint alleging unfair labor practices. *Myers*, 303 U.S. at 47–48, 58 S.Ct. 459. Here, Plaintiffs ask this Court to do what the Supreme Court has said it may not, enjoin the unfair labor practices hearing ordered by the ALJ. *Myers* controls this matter and mandates a conclusion that this Court lacks jurisdiction to review Plaintiffs' claims. *Id.*

Plaintiffs suggest that while appeals under the NLRA generally are taken in the Circuit Court after administrative remedies have been exhausted, a jurisdictional exception exists where a constitutional violation is alleged. Plaintiffs urge the Court to apply the rule announced by the Second Circuit in *Fay v. Douds*, 172 F.2d 720, 723 (2d Cir.1949), and recognized by the Ninth Circuit in *Teamsters Local 690 v. NLRB*, 375 F.2d 966, 969–70 (9th Cir.1967), that a federal District Court has jurisdiction to review a denial of a representation petition where substantial, non-frivolous allegations of a constitutional violation are asserted. Plaintiffs maintain that the reasons underlying *Fay* equally apply in this case, and that this Court may therefore appropriately exercise jurisdiction. The Court disagrees.

*Fay* and *Teamsters* are materially distinguishable from this case because they involved representation matters. The present case, by contrast, involves a challenge to an unfair labor practices proceeding. The distinction is important because parties in unfair labor practices cases may seek redress in the Circuit Court. *See Myers*, 303 U.S. at 47–48, 58 S.Ct. 459. The availability of appellate review weighs against applying a jurisdictional exception because the parties will not be wholly deprived of meaningful judicial review if the District Court declines jurisdiction. *Compare, e.g., Leedom v. Kyne*, 358 U.S. 184, 190, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958)(recognizing exception to exhaustion requirement where administrative agency exceeded its statutory powers and parties would be deprived of judicial review in the absence of District Court jurisdiction) *with Bd. of Governors of the Fed. Reserve Sys. v. MCorp Financial, Inc.*, 502 U.S. 32, 43, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991)(recognizing that deprivation of meaningful and adequate means of vindicating rights was central to *Leedom* and finding no *Leedom* deprivation where

rights could be vindicated in Circuit Court pursuant to statute). Moreover, Plaintiffs cite no authority that would support the application of the *Fay* rule in the unfair labor practices context, and have not explained how *Fay* could be applied to an unfair labor practices case in the face of *Myers*. One reason underlying the Supreme Court's holding in *Myers* was that the NLRA vests exclusive power to prevent unfair labor practices in the NLRB and the Circuit Court of Appeals. *Myers*, 303 U.S. at 47–48, 58 S.Ct. 459. The Court expressly stated that "all questions of constitutional right or statutory authority are open to examination by the [Circuit] court." *Id.* at 49, 58 S.Ct. 459. This Court is bound by *Myers* and may not judicially extend the rule of *Fay* in the manner Plaintiffs suggest.

Plaintiffs also place substantial reliance on *Northern Montana Health Care Ctr. v. Nat'l Labor Relations Bd.*, 178 F.3d 1089, 1098 (9th Cir.1999). In *Northern Montana*, the Ninth Circuit held that a due process violation occurs when the NLRB issues an order binding a corporate entity that did not receive notice that its interests were being adjudicated. *Id.* Although *Northern Montana* potentially bolsters Plaintiffs' due process claim, it lends no support to Plaintiffs' contention that this Court is the appropriate one to adjudicate the claim. To the contrary, the due process claim alleged in *Northern Montana* was decided by the Circuit Court on appeal from the NLRB. In this respect, *Northern Montana* cuts against Plaintiffs' claim that the Circuit Court cannot grant adequate relief for Plaintiffs' alleged constitutional violations.

For the foregoing reasons, this Court lacks jurisdiction to adjudicate Plaintiffs' motion for a preliminary injunction to enjoin a hearing on the Fifth Consolidated Complaint. Plaintiffs' appeal remedy for

an alleged error committed by the ALJ lies with the NLRB and Circuit Court of Appeals rather than this Court. *Myers,* 303 U.S. at 43, 47, 58 S.Ct. 459.

**IT IS THEREFORE ORDERED** denying Plaintiffs' Motion for a Preliminary Injunction (Doc. 3–1);

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss (Doc. 6–1) and directing the Clerk of the Court to enter judgment of dismissal;

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion for Expedited Discovery (Doc. 2–1) and Defendants' Motion to Stay Discovery (Doc. 9–1) as moot.